### SAMUELL v. FEATHERSTONE et al.
### No. 4262.

Court of Civil Appeals of Texas. El Paso.
April 1, 1943.

Rehearing Denied April 22, 1943.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas (Henry D. Akin, of Dallas, of counsel), for appellant.

O. M. Stubblefield and Chrestman, Brundige, Fountain, Elliott & Bateman, all of Dallas, for appellees.

McGILL, Special Commissioner.

This is an appeal from a judgment of the District Court of Dallas County, 101st Judicial District. Appellees, M. B. Featherstone and Carl H. Rucker, sued appellant, Murray Samuell, to recover $1,500 as a real estate broker's commission. The commission claimed was five per cent of the $30,000 sale price of a three-story brick building known as 801 Elm Street, in the City of Dallas, listed with appellees for sale by appellant. Trial by the court without the intervention of a jury resulted in a judgment for $1,000 for appellees.

Appellees alleged that appellant listed the property with them for sale upon the terms and conditions set out in a written contract of purchase and sale executed by appellant as seller and J. P. Awalt as purchaser, which was attached to their petition. This contract stipulates a purchase

price of $30,000 cash. The only reference to commission is contained in a clause which provides for payment of the "usual commission" out of the cash deposit should the purchaser fail to consummate the contract. No cash deposit is mentioned. The seller agrees, on perfection of title, to convey the property by general warranty deed to the purchaser, at which time the purchaser agrees to make the cash payment. It was alleged that appellees procured the purchaser, Awalt, who was ready, able and willing to consummate the sale and pay the $30,000 upon execution and delivery to him by appellant of a general warranty deed to the property, but that appellant refused to consummate the sale.

The contract contained the following clause: "This contract is signed by seller herein with the expressed understanding that same is signed subject to his being able to deliver possession to the property described, or that the purchaser may at his option purchase same according to the terms of this contract in event the lessee of the storage garage does not elect to exercise the option to purchase as provided for in said lessee's contract, that is subject to the existing leases now on the property."

It was executed on April 1, 1938, by appellant as seller and submitted by appellee Featherstone to Awalt, and signed by him as purchaser on April 4, 1938. Contemporaneously therewith he signed and transmitted by Featherstone to appellant for his acceptance and signature the following letter:

"Mr. Murray Samuell
"208 Great National Life Insurance Bldg.
"1604 Main St.
"Dallas, Texas
"Dear Sir:
"Referring to the contract of sale which you have signed under date of April 1st, 1938, and which I am today signing, I beg to say that I am executing same with the understanding that on or before April 15, 1938, you are to either definitely agree to make delivery of the property mentioned in our contract free of any outstanding leases, or I will have the option on that date of withdrawing my agreement to purchase or proceed as I may elect. If you do definitely commit yourself on or before April 15, 1938 to make such delivery to me, then I am to be placed in possession of the prop-

erty free of any leases or other claims on the part of any other party within eighty days from April 15, 1938. I will have the further option in the event you fail to make such delivery within the time specified: either to withdraw my acceptance and cancel the contract or insist upon specific performance thereof or damages as I may then elect.
"Yours truly,
"(Signed)  J. P. Awalt
"I agree to the above as a supplement to our sales contract above mentioned.

_____

"Murray Samuell."

Appellant refused to sign on the line above provided for his signature or to accept Awalt's terms specified in his letter. The sale was never consummated.

Appellees alleged that shortly after April 4th, Awalt waived all conditions and exceptions set out in this letter and notified appellant that he would stand upon the written contract signed by him and appellant, and requested appellant to carry out such contract, but that appellant refused to do so.

The testimony of Featherstone, Rucker and Awalt to us is unsatisfactory and unconvincing, yet sufficient to warrant an implied finding by the trial court in support of its judgment that Awalt did waive the conditions and exceptions set out in his letter, as alleged.

At the time appellant signed the contract, there were two outstanding leases concerning the property in question. One lease was with C. C. McCord, dated December 31, 1936, covered the southwest corner of the building, and was for a term of four years and six months, beginning January 1, 1937; the other was with A. P. Simons, covered the entire building, began August 1, 1937, and ran for a period of five years. This lease provided for cancellation upon ninety days' notice in case of sale, the lessee having the option to purchase at the price offered. The McCord lease contained no provision for cancellation in the event of sale.

On cross-examination appellant testified that he decided not to go through with the sale because he had discovered that his lease with Simons covered the entire building when he had previously leased a part of it to McCord, and he was afraid he would have a lawsuit with Simons; that he did not notify Simons either to buy the proper-

636

ty at $30,000 or vacate, as provided in his lease.

Appellant's liability is predicated on his refusal to comply with the contract referred to. Under this contract he did not unconditionally bind himself to convey the property to Awalt by warranty deed. He did bind himself to convey it provided he was able to deliver possession, or in the event Awalt would take it subject to the two leases he had theretofore executed and delivered to McCord and Simons.

Appellees do not aver that Awalt was ready and willing to pay $30,000 for the property subject to the two leases, or subject to either of them. In fact, the evidence is conclusive that he was not willing to take the property subject to any lease. He so testified. Appellees do not aver that appellant was ever able to deliver possession of the property. The averment is that Awalt was ready to pay the sum of $30,000 upon the execution and delivery to him by appellant of a general warranty deed.

It is thought that it was incumbent on appellees, not only to prove that appellant was able to deliver the possession of the property to Awalt, but likewise to so plead. But aside from the pleading, let us consider the matter in view of the evidence.

It was sufficient to show that appellees procured a written offer from McCord to cancel his lease and vacate the property on fifteen days' written notice for a consideration of $545; that Awalt had agreed to pay one fourth of this sum and appellees had signified to appellant their willingness to take care of the balance out of their commission. There is no showing that McCord's offer was ever accepted by anyone; that appellees ever offered to indemnify appellant against liability on his warranty should they fail to procure the cancellation of the McCord lease; nor that they indicated to him their willingness that he might deduct the balance required to pay McCord out of their commission. Had he signed and delivered his warranty deed and had appellees failed to procure the cancellation of McCord's lease and deliver possession to Awalt, appellant would have been liable on his warranty.

In our opinion, under the contract of sale relied upon by appellees, appellant never bound himself to pay anything to secure possession from McCord. Both he, appellees and Awalt knew that the building was under lease when the contract was signed. He had no power to cancel McCord's lease in the event of sale. To construe the provision of his contract—"subject to his being able to deliver possession to the property described"—to require him to pay anything in order to enable him to deliver possession would, in effect, nullify such provision. He had the right to terminate the five-year lease held by Simons in case of sale on ninety days' notice, subject to Simons' option to purchase. He consistently refused to give this notice. He had made no unconditional contract of sale so as to authorize him to give the notice to Simons to vacate. The statement of facts fails to show that he was "able," as that term was used in the contract, to free the property from the lawful possession of McCord. In the absence of ability to comply with that condition, it is seriously doubted if a notice would have been legally sufficient to terminate the lease with Simons at the end of ninety days. In any event, his ability to obtain possession from McCord being in doubt, he was not legally bound to give the notice to Simons.

The evidence was ample to show that after appellant had refused to accept the conditions specified by Awalt he advised appellees that he would make no attempt to remove the tenants from the building, as he was satisfied with them; that if appellees wanted to work out the deal it would be up to them to see what they could do with the tenants; that he agreed to pay them a commission of $1,000 if he made a sale for $30,000. These facts do not support the judgment rendered. It was not contemplated under the listing contract on which appellees sued that a commission should be paid unless a sale was consummated or failed of consummation through the default of appellant. The fact that Simons offered to pay $30,000 for the property entitled appellees to no relief. He was not the purchaser whom they claimed to have procured.

The facts have been fully developed. The judgment is reversed and rendered.

This opinion directed to be written and is adopted by the Court.

WALTHALL, J., not participating.