

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 14, 1961

Adm. H. R. Nieman, Jr.
Executive Director
State Building Commission
Austin 1, Texas

Opinion No. WW-1221

Re: Whether, under the provi-
sions of Senate Bill No.
1, of the 57th Legislature,
First Called Session, the
the State Building Commis-
sion is required to furnish
State agencies with utility
services.

Dear Admiral Nieman:

You have requested the opinion of this office as to
whether, under the provisions of Senate Bill No. 1 of the 57th
Legislature, First Called Session, the State Building Commis-
sion is required to furnish certain State agencies with utility
services. The following is quoted from the Act, under the
heading of BUILDING COMMISSION:

"Any balances as of August 31, 1961, remain-
ing in the special fund specified in Section 3
of Chapter 465, Acts 1957, Fifty-fifth Legislature,
and any receipts to such funds during the biennium
ending August 31, 1963, are hereby appropriated to
the Building Commission for repair, maintenance,
and operation of any property heretofore or here-
after acquired by the Building Commission as long
as said property is used to house State agencies,
or is leased to private individuals or is in need
of emergency protective attention; and in the
event the above appropriation for repair, main-
tenance and operation of such property is inade-
quate the Building Commission is authorized to
disburse such amount as may be deemed necessary
from the appropriation made in item 10 above for
accomplishing the same purpose."

It has been contended that the phrase "repair, main-
tenance, and operation" should be construed to require the
State Building Commission to pay the cost of utility services
for State agencies housed in properties made available by the
Commission. As construed by this office, the phrase imposes
no such requirement.

Section 7 of Article 678m, Vernon's Civil Statutes, provides that the State Building Commission shall transfer management and control of State buildings to the Board of Control when construction is completed and State agencies are housed therein.

Senate Bill No. 1, 57th Legislature, First Called Session, under the heading BOARD OF CONTROL, provides:

| | "For the Years Ending | |
|---|---|---|
| | August 31, 1962 | August 31, 1963 |
| "8. Utilities, Water Fuel and Lights | $300,000 | $325,000 +U.B." |

For other State agencies quartered in the Capitol area, no appropriation is made for utilities of any sort. It would thus seem apparent that the Legislative appropriation for the Board of Control was intended to fulfill the utility needs of the State agencies quartered in the Capitol area. It is a settled rule that the express mention or enumeration of one person, thing, consequence, or class is equivalent to an express exclusion of all others. State v. Maurtz-Wells Co., 141 Tex. 634, 175 S.W.2d 634 (1943).

Please be advised that it is the opinion of this office that the use of the phrase "repair, maintenance, and operation," as used in the quoted Appropriation Act, is intended to require the State Building Commission to maintain and operate State property up to the time of its occupation by a State agency; at which point the responsibility for management and control, including the furnishing of utility services, passes to the Board of Control.

S U M M A R Y

Under the provisions of Senate Bill No. 1, 57th Legislature, First Called Session, the State Building Commission is not required to furnish State agencies with utility services.

Very truly yours,

WILL WILSON
Attorney General of Texas

Admiral H. R. Nieman, Jr., page 3 (WW-1221)

By Malcolm L. Quick
Assistant

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman

Riley Eugene Fletcher
Eugene B. Smith
Morgan Nesbitt
Linward Shivers

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.